IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENJAMIN G. SWANSON,

    Petitioner,

v.

WARDEN, USP MARION,

    Respondent.

Case No. 24-CV-00456-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

  Petitioner Benjamin Swanson is a federal inmate presently housed at Pekin Federal Correctional Institution in Illinois. He filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the loss of 27 days of good conduct time credits following a disciplinary incident in 2023. (Doc. 1). The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 1(b) of the same provides this Court with the authority to apply these Rules to other habeas corpus cases. *See id.*

  Swanson was charged with the sexual exploitation of children in violation of 18 U.S.C. § 2251(a) in the United States District Court for the Western District of North Carolina. *See United States v. Swanson*, Case No. 18-cr-00009-RJC-DCK-1 (2019). He pleaded guilty on February 22, 2018 and was sentenced to 480 months in prison followed by 40 years of supervised release on February 13, 2019. *See id.* (Doc. 31). Swanson filed neither a direct appeal nor a Motion to Vacate, Correct, or Set

Aside Sentence pursuant to 28 U.S.C. § 2255.

Swanson filed the instant Petition for Writ of Habeas Corpus on February 20, 2024. (Doc. 1). Swanson challenges the Discipline Hearing Officer ("DHO") review of a disciplinary ticket at USP Marion which he claims violated his right to due process guaranteed by the United States Constitution. (Doc. 1, pp. 12–13). Swanson was cited for violation of two prohibited act codes (Codes 211 and 299) on January 26, 2023. (*See id.*, p. 7). DHO review was conducted on February 10, 2023 and issuance of the ticket was upheld. (*See id.*). Swanson appealed to the cognizant Bureau of Prisons Regional Office on March 16, 2023; his appeal was denied on April 11, 2023. (*See id.*, p. 2).

Swanson states that this disciplinary citation resulted in the loss of 27 days of good conduct time, that he was assigned to the Special Housing Unit, and that he lost his job assignment. (*Id.*, p. 2, 12–13). He requests the restoration of his good conduct time, to be compensated for approximately $360 in lost wages due to the loss of his job assignment, and for the incident report in question to be expunged. *(See id.*, p. 13). He also requests written apology letters from the USP Marion staff members involved in this incident and requests for Officer V. Fields be commended and for Lieutenant Dan Huggins to be demoted. *(See id.*).

To the extent that Swanson alleges that the revocation of his good conduct credit did not comply with due process, his claim is properly pursued via a § 2241 petition. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994). However, Swanson cannot use the federal habeas corpus statute to challenge his *conditions* of confinement. *See Pischke v. Litscher,* 178 F.3d 497, 499

(7th Cir. 1999) (petition for habeas corpus may be used only to challenge the fact or duration of a prisoner's confinement). Therefore, Swanson's complaints regarding disciplinary segregation and loss of privileges cannot be pursued in this action. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005) ("Disciplinary segregation or a reduction in privileges affects the nature of the inmate's custody rather than its duration and, accordingly, may not be raised in a petition for habeas corpus.").

Considering the above and without commenting on the merits of the Petition, the Court concludes that Swanson's claim pertaining to the allegedly wrongful loss of good conduct time credit survives preliminary review. All other claims are dismissed without prejudice.

**IT IS HEREBY ORDERED** that Respondent Daniel Sproul, the Warden at USP Marion, shall answer or otherwise plead on or before **May 23, 2024**. This order to respond does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St Louis, Illinois, shall be construed as sufficient service.

Petitioner Swanson is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing, not later than fourteen days after a transfer or other change in address. Failure to provide notice may result in dismissal of this case or other sanctions. *See* Fed. R. Civ. P. 41(b); Local Rule 3.1(b)(2).

IT IS SO ORDERED.

DATED:   April 23, 2024

                                                         s/ *Stephen P. McGlynn*
                                                        **STEPHEN P. McGLYNN**
                                                        **U.S. District Judge**