IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN G. SWANSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Number 24-cv-456-SPM |
| ) | |
| WARDEN, USP-MARION,[1] ) | |
| ) | |
| Respondent. ) | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR TRANSFER**

Respondent moves for dismissal of Petitioner's habeas petition pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3) due to lack of personal jurisdiction and improper venue. In the alternative, Respondent moves for transfer to the Central District of Illinois.

Petitioner Benjamin Swanson's petition pursuant to 28 U.S.C. § 2241 challenges the loss of 27 days of good conduct time credits following a disciplinary incident in 2023. *See* Doc. 1. Swanson is incarcerated at the Federal Correctional Institution in Pekin, Illinois ("FCI-Pekin"), within the Central District of Illinois. *See* Doc. 1; *see also* Federal Bureau of Prisons Inmate Locator https://www.bop.gov/inmateloc/

The proper venue for filing a Section 2241 petition is the district where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Because Swanson is incarcerated within the Central District of Illinois and has been since he filed his Section 2241 petition, his case belongs there. The Central District would have personal jurisdiction over Swanson's custodian, the Warden of FCI-Pekin, the proper respondent in this case, *Rumsfeld*, 542 U.S. at 447, and the Southern District would not.

---

[1] As explained in this motion, the proper Respondent in this case is the Warden at FCI-Pekin where Petitioner is currently confined.

The identity of the custodian and the location of the litigation concern venue and personal jurisdiction and hence may be waived or forfeited by the respondent. *See Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004). Those issues have not been waived or forfeited in this case.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3), this case should be dismissed without prejudice due to lack of personal jurisdiction and improper venue. Alternatively, the case should be transferred to the Central District of Illinois which encompasses Pekin, Illinois where petitioner is incarcerated.

    Respectfully submitted,

    RACHELLE AUD CROWE
    United States Attorney

    ***/s/ Nathan E. Wyatt***
    NATHAN E. WYATT
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, Illinois 62208-1344
    (618) 628-3700
    (618) 622-3810 (fax)
    Email: Nathan.Wyatt@usdoj.gov

## **CERTIFICATE OF SERVICE**

 I hereby certify that on April 25, 2024, I electronically filed the foregoing **NOTICE OF APPEARANCE AND DESIGNATION OF COUNSEL** with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

 None

and I hereby certify that on April 25, 2024, I also mailed by United States Postal Service, the document to the following non-registered participant:

Benjamin Godwin Swanson
34056-058
PEKIN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 5000
PEKIN, IL 61555
PRO SE

                *s/Nathan E. Wyatt*